Elizabeth R. Cohn Wabaunsee County Attorney 215 Kansas Street, Courthouse P.O. Box 278 Alma, Kansas 66401-0278
Dear Ms. Cohn:
As Wabaunsee County Attorney you request our opinion regarding whether K.S.A. 2005 Supp. 19-101a(a)(28), as amended by L. 2006, Ch. 207, § 4 and L. 2006, Ch. 192, § 4,[1] prohibits the County from requiring rock haulers to pay a fee to defray the actual costs incurred by the County due to the rock haulers' usage and impact on county roads. You note that current Wabaunsee County regulations provide for a road maintenance agreement as part of every conditional use permit, however the older permits do not contain such conditions. As a result, a situation has been created where some quarry operators are paying for the additional damages and maintenance needed for county roads traveled by their trucks, while others are not.
You explain that the commissioners consulted the county engineer, who determined the impact of such truck traffic upon specific county roads and calculated a cost per loaded ton mile. It is this amount, which you characterize as an "impact fee," that the County would like to charge all quarry owners or operators to pay for the costs of dust control and maintenance on county or township roads impacted by the quarries' trucks.
You ask that we address the following questions:
 "1. Does K.S.A. 19-101a(a)(28) prohibit the passage of a resolution in which ledge rock haulers who have a conditional use permit (whenever issued) be required to pay an impact fee?
 "2. Does K.S.A. 19-101a(a)(28) prohibit the passage of a resolution in which ledge rock haulers who have a conditional use permit (whenever issued) be required to enter into a road maintenance agreement annually with Wabaunsee County?
 "3. Does K.S.A. 19-101a(a)(28) prohibit the passage of a resolution in which ledge rock haulers who have a conditional use permit (whenever issued) be required to acquire an annual business license through which they would have to state the route their trucks travel and pay a fee that would maintain the roads that are used by the quarry operator?
 "4. If K.S.A. 19-101a(a)(28) allows the regulation of the quarries through a business license would that need to be done by a charter resolution in accordance with K.S.A. 19-117?"
Counties are subject to all acts of the Legislature which apply uniformly to all counties.[2] Home rule power is available to counties in all areas of local government where it is not otherwise prohibited.[3]
K.S.A. 2005 Supp. 19-101a(a)(28), as amended, provides:
 "(a) The board of county commissioners may transact all county business and perform all powers of local legislation and administration it deems appropriate, subject only to the following limitations, restrictions or prohibitions:
 "(28) Counties may not levy or impose an excise, severance or any other tax in the nature of an excise tax upon the physical severance and production of any mineral or other material from the earth or water."[4]
Attorney General Opinion No. 95-30 advised that "county home rule authority may be utilized to impose a severance tax on rock removed from land located in a county. We do not find any uniformly applicable law preempting local legislation of this type and it is therefore our opinion that K.S.A. 1994 Supp.19-101a allows the county to impose such a tax." However, the 1998 adoption of K.S.A. 2005 Supp. 19-101a(a)(28) rendered the conclusions in this opinion obsolete.[5]
Municipalities may lawfully adopt impact fees.[6]
However, the statute you ask us to focus upon prohibits counties from imposing a severance tax or anything "in the nature of an excise tax" upon the severance or production of the rock. You explain that under the county's proposal, severing the rock does not trigger the charges. Instead, the contemplated charge would be connected with hauling the rock. Even so, the fees in question appear to at least be related to the rock being removed from the quarries.[7] It must therefore be determined whether the proposed fees resemble the type of tax prohibited under K.S.A. 2005 Supp. 19-101a(a)(28), as amended.
A severance tax has been defined generally as a tax "levied on the mining or extraction of some natural resource such as oil or coal. It may be assessed on the value of the product extracted or on the volume."[8] An excise tax is one that is imposed upon performance of an act or an enjoyment of a privilege.[9] Fees that are not imposed on a per transaction basis may not qualify as an excise tax.[10]
However, in general an excise tax is a sum measured by the amount of business done or the extent to which a special benefit or privilege is conferred, irrespective of the value of the person's property or assets.[11]
Counties generally are empowered to levy taxes to pay for the costs of maintaining or repairing county roads.[12] It is generally this taxing authority that permits counties to raise money to pay for wear and tear on county roads. Such a tax is typically levied upon all persons within the county or upon those property owners within the boundaries of a special benefit district, rather than upon one specified type of user.
K.S.A. 2005 Supp. 19-101a(a)(28), as amended, precludes a county from imposing a special fee on haulers of rock based upon severance or production of the rock. We are troubled by the imposition of a road impact fee solely upon haulers of rock and believe that too closely connecting the proposed fee to the rock itself may subject any such fee to attack as a violation of K.S.A. 2005 Supp. 19-101a(a)(28), as amended.
With regard to your questions concerning alteration in the conditional use permits given to rock quarry owners or operators, having not seen the terms of existing or contemplated permits we cannot opine. However, we note that generally the terms contained in each such permit or associated agreements will necessarily determine the extent of rights granted to the holder of such permits.
A local zoning authority has the right to prescribe, change or refuse to change, zoning. However, once the zoning authority has decided to allow specific land uses, subsequent unilateral changes to the permits granted to or contracts with persons still operating in compliance with the terms of such agreement or permits may be unlawful. Such changes should be consensual or predicated upon nonconformity with the terms.[13] If the conditional use permit does not in any way address future use of public roads, the county may lawfully adopt new revenue producing resolutions that do not otherwise conflict with applicable laws or rights. On the other hand, if a specific conditional use permit addressed use of roads by the permit holders, the terms of such a permit cannot lawfully be unilaterally altered absent material non-compliance by the holder of that permit.
In conclusion, K.S.A. 2005 Supp. 19-101a(a)(28), as amended, prohibits counties from using home rule authority to impose any "excise, severance or any other tax in the nature of an excise tax upon the physical severance and production of any mineral or other material from the earth or water." K.S.A. 2005 Supp.19-101a(a)(28), as amended, does not prohibit charging drivers on public roads an impact fee. Whether a particular charge is actually an excise tax on production of the rock, or whether it is an impact fee for wear and tear of county roads, depends upon how the assessment is structured and upon whom it is imposed. Any assessment imposed solely on one type of user of county roads calls into question whether it is in reality an impact fee. New agreements or conditional permits may include fees to help defray road maintenance costs, however any attempt to unilaterally revoke, change or limit rights already granted in a conditional use permit, absent a violation of the permit terms by its holder, may give rise to claims against the county.
Sincerely,
 Phill Kline Attorney General
 Theresa Marcel Bush Assistant Attorney General
PK:JLM:TMB:jm
[1] L. 2006, Ch. 7 now cites this provision as K.S.A.19-101a(a)(27).
[2] K.S.A. 1995 Supp. 19-101a(a)(1), as amended; MissouriPacific Rail Road v. Board of County Commissioners, 231 Kan. 225
(1982).
[3] Blevins v. Hiebert, 247 Kan. 1, 5 (1990).
[4] Emphasis added.
[5] See also Attorney General Opinion No. 95-8 (county home rule power is preempted by legislative enactment with regard to imposing a severance tax on water being exported out of the county).
[6] McCarthy v. City of Leawood, 257 Kan. 566 (1995). The procedures followed and the actual wording of the resolution will determine its legality.
[7] Your letter indicates that the county engineer used the cost per load of rock to determine the extent of damage being done to the roads in question and to set the proposed fees for each quarry business.
[8] Black's Law Dictionary 1308 (5th ed. 1979). E.g., K.S.A.79-4216 and 79-4217 provide for a mineral severance tax.
[9] Bryant v. State of Indiana, 660 N.E. 2d 290, 297, 64 A.L.R. 5th 867 (1995). See also Kansas City RenaissanceFestival Corp. v. City of Bonner Springs, 269 Kan. 670 (2000) (city could not use an ordinary, non-charter ordinance to exempt itself from state statute generally prohibiting cities from enacting excise taxes on services, so that city could enact an admission tax on persons entering places of amusement).
[10] Home Builders Association of Greater Kansas City v. Cityof Overland Park, 22 Kan.App.2d 649 (1996) (municipal ordinance levying excise tax upon platting of real property was not imposed on transactional basis, such that it would come within statutory ban on certain municipal excise taxes, where tax was triggered by recording of plat, not sale, transfer, or use of property; a municipal ordinance which levies an excise tax prior to recording each plat within the municipality is not a tax that is imposed on a transactional basis).
[11] Black v. State, 406 P.2d 761, 762, 67 Wash.2d 97
(1965).
[12] See K.S.A. 68-151g, 68-5,100, 68-5,101, 68-559a, and K.S.A. 2005 Supp. 19-101a(11), as amended, which prohibits counties from using home rule to alter tax levy statutes without the required language and procedures.
[13] See M.S.W., Inc. v. Board of Zoning Appeals of MarionCounty, 29 Kan.App.2d 139 (2001).