Richard A. Euson, County Counselor Sedgwick County County Courthouse
525 N. Main, Suite 359 Wichita, Kansas 67203
Dear Mr. Euson:
As county counselor for Sedgwick County, you inquire whether a petition challenging a charter ordinance must conform to the general petition requirements in K.S.A. 2008 Supp. 25-3601 and 25-3602.
Charter ordinances are a creature of the Home Rule Amendment[1]
to the Kansas Constitution. Prior to the effective date of this amendment, [2] cities were subject to "Dillon's Rule" under which cities were considered creatures of the legislature and could only exercise authority conferred by statute.[3] The Home Rule Amendment freed cities from having to secure permission from the legislature to address local affairs. With certain exceptions, [4]
cities can enact ordinances unless the legislature clearly preempts the field with enactments that apply uniformly to all cities. Where the legislature has enacted a nonuniform enactment that conflicts with an action a city wants to take, the city can exempt itself from the enactment by charter ordinance.[5] Because charter ordinances opt out of state law, they are subject to rigorous notice requirements and public challenge.[6]
The notice and challenge requirements provide, in part:
 (c)(2) A charter ordinance is an ordinance which exempts a city from the whole or part of any enactment of the legislature applying to such city, other than enactments of statewide concern applicable uniformly to all cities. . . . Such charter ordinance . . . shall require a two-thirds vote of the members-elect of the governing body of such city. Every charter ordinance shall be published once each week for two consecutive weeks in the official city newspaper. . . .
 (c)(3) No charter ordinance shall take effect until sixty days after its final publication. If within sixty days of its final publication, a petition signed by a number of electors of the city equal to not less than ten percent of the number of electors who voted at the last preceding regular city election shall be filed in the office of the clerk of such city demanding that such ordinance be submitted to a vote of the electors, it shall not take effect until submitted to a referendum and approved by a majority of the electors voting thereon. An election, if called, shall be called within thirty days and held within ninety days after the filing of the petition. The governing body shall pass an ordinance calling the election and fixing the date . . . and the election shall be conducted as elections for officers and by the officers handling such elections. The proposition shall be `Shall charter ordinance No. _________, entitled (title of ordinance) take effect?'[7]
While the Home Rule Amendment is self-executing[8] in the sense that it needs no implementing legislation, the legislature may enact legislation to facilitate the exercise of the powers granted by the Constitution:[9]
 The rule is that a self-executing provision of the constitution does not necessarily exhaust legislative power on the subject, but any legislation must be in harmony with the constitution and further the exercise of constitutional right to make it more available. Thus . . . the legislature may enact legislation to facilitate the exercise of the powers directly granted by the constitution; legislation may be enacted to facilitate the operation of such a provision, [and] prescribe a practice to be used for its enforcement. . . .[10]
Legislative authority to provide a method of exercising a constitutional power exists only where the constitutional provisions themselves do not provide a method for executing the powers conferred.[11] Any procedure prescribed in the constitution must be followed to the exclusion of that prescribed by statute.[12]
The Home Rule Amendment does not address the specific requirements of a petition challenging a charter ordinance such as the sufficiency of signatures, withdrawal of signatures, and the form of the question. The only matters dictated by the Amendment concern where the petition is filed[13] and the wording of the ballot question.[14] Therefore, it is appropriate to review the general statutory requirements for petitions.
The election statutes in Chapter 25 prescribe the requirements for petitions that are "required or authorized as part of the procedure applicable to the state . . . or to any . . . city."[15] As there is no exception for petitions prescribed by the state constitution, it would appear to include the petition prescribed by the Home Rule Amendment.
K.S.A. 2008 Supp. 25-3601 addresses the sufficiency and number of signatures on the petition[16] and the form of the question which is reviewed by the county/district attorney or the county counselor.[17] The form of the question is presumed to comply with K.S.A. 25-3601 et seq. if the petition "states the title, number and exact language of the ordinance . . . and the title states: `Shall the following ordinance . . . become effective?'"[18]
Other petition requirements include the petition form, where the petition is filed, and withdrawal of signatures.[19] When a petition involves a question — which is the situation with charter ordinances — K.S.A. 2008 Supp. 25-3602 provides, in part:
 (b) Unless otherwise specifically required, each petition shall: (1) State the question which petitioners seek to bring to an election in the form of a question as it should appear upon the ballot in accordance with the requirements of K.S.A. 25-620[20] and K.S.A. 25-3601. . . .[21]
While K.S.A. 2008 Supp. 25-3601 and 25-3602 were drafted with statutorily required petitions in mind rather than petitions prescribed by the constitution, their provisions should be substantially followed to the extent they do not conflict with the constitutional mandates of filing the petition with the city clerk[22] and the form of the ballot question.
For example, K.S.A. 2008 Supp. 25-3601 presumes the form of the question requesting an election on an ordinance adopted by a city governing body to be valid if the petition states the title, number and exact language of the ordinance and the title of the petition states: "Shall the following ordinance . . . become effective?"
K.S.A. 2008 Supp. 25-3602 provides that the question should mimic the ballot proposition in accordance with K.S.A.25-620 and 25-3601. As the Home Rule Amendment prescribes the ballot proposition, [23] the petition question should mirror the ballot proposition prescribed in the Amendment despite the slight difference from the verbiage in K.S.A. 25-620 ("Shall the following be adopted?") and K.S.A. 25-3601(c) ("Shall the following ordinance . . . become effective?").
You also inquire whether a charter ordinance petition must expressly "demand" that the ordinance be submitted to a vote. The Home Rule Amendment provides that any petition "shall be filed in the office of the clerk of such city demanding that such ordinance be submitted to a vote of the electors."[24] In light of the conclusion that the form of the question should mirror the constitutional ballot question, the word "demand" should not be included in the petition. The filing of the petition itself is a "demand" that the governing body submit the charter ordinance to a vote of the electors.
Finally, you inquire regarding the meaning of "last preceding regular city election" when determining whether a petition has a sufficient number of signatures. The Home Rule Amendment prohibits a charter ordinance from taking effect if within sixty days of the second publication a petition demanding an election and signed by a number of electors of the city equal to not less than ten percent of the number of electors who voted at the last preceding regular city election is filed with the city clerk.[25]
The chronology that frames your inquiry is:
 April 5, 2007: regular city election
 February 1, 2009: city governing body adopts charter ordinance
 February 14, 2009: second publication in official city newspaper
 April 5, 2009: regular city election
 April 15, 2009: deadline for submitting petition
Under similar statutory provisions, the number of votes cast for a particular office is taken as the basis from which to calculate the required number of signatures.[26]
In this situation, the phrase refers to the 2007 election because the second publication triggers the 60-day clock and the quest to secure the appropriate number of signatures. In order to effectuate the constitutional right to challenge a charter ordinance, petition circulators must know how many signatures to collect within the 60-day signature gathering period. The petitioners may then develop a plan and strategy for collecting the signatures.
Petitioners are able to file the petition with signatures at any time during the 60-day period. If the statute were interpreted such that the number of required signatures is based on the voter turnout for the April 2009 election, petitioners may be forced to withhold filing or risk losing the results of their efforts should it be determined that an increased number of signatures is required.[27]
Further, since the number of signatures would not be known until after the April 2009 election, the practical effect is to reduce the constitutionally prescribed 60-day period to a ten-day period.
In short, the date of the "last preceding regular city election" cannot be a moving target dependent upon when a petition is filed. "Last preceding regular city election" means the city election preceding the date of the second publication of the charter ordinance.
Sincerely,
Steve Six Attorney General
Mary Feighny Deputy Attorney General
SS:MF:TC:jm
[1] Kan. Const., Art. 12, § 5.
[2] July 1, 1961.
[3] Bigs v. City of Wichita, 271 Kan. 455, 463 (2001).
[4] Kan. Const., Art. 12, § 5(a).
[5] Kansas City Renaissance Festival Corp. v. City of BonnerSprings, 269 Kan. 670, 673 (2000).
[6] Farha v. City of Wichita, 284 Kan. 507 (2007).
[7] Kan. Const., Art. 12, § 5(c) (emphasis added).
[8] Van Sickle v. Shanahan, 212 Kan. 426, 451 (1973).
[9] Colorado Interstate Gas Co. v. Board of Morton CountyComm'rs, 247 Kan. 654, 659 (1990).
[10] Id. at 659.
[11] Id.
[12] Id.
[13] Petitions are filed in the office of the clerk of the city. Kan. Const., Art. 12, § 5(c)(3).
[14] Kan. Const., Art. 12, § 5(c)(3).
[15] K.S.A. 2008 Supp. 25-3601(a).
[16] K.S.A. 2008 Supp. 25-3601(a).
[17] Id.
[18] K.S.A. 2008 Supp. 25-3601(c).
[19] K.S.A. 2008 Supp. 25-3602.
[20] This statute addresses the ballot form for questions. "On the ballot there shall be printed the . . . question to be voted on. Each . . . question shall be preceded by the words, "Shall the following be adopted?"
[21] Emphasis added.
[22] Attorney General Opinion No. 94-80.
[23] "Shall charter ordinance No. ___, entitled (title of ordinance) take effect?" Kan. Const., Art. 12, § 5(c)(3).
[24] Kan. Const., Art. 12, § 5(c)(3) (emphasis added).
[25] Id.
[26] State v. Bentley, 100 Kan. 399 (1917).
[27] K.S.A. 2008 Supp. 25-3602 ("the filing shall be made at one time all in one group. Later or successive filings of documents relating to the same issue or proposition shall be deemed to be separate petitions and not a part of any earlier or later filing").