This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **NO. 30,629**

**JOSE MANUEL ALVAREZ-BACA**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant appeals his conviction for distributing marijuana. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant has

responded with a memorandum in opposition, which we have duly considered. As we are not persuaded by Defendant's arguments, we affirm.

**Motion to Exclude Testimony**

Defendant contends that the district court erred in denying his motion in limine to exclude the testimony of Officer Jeff Brown because this witness was not disclosed until two days prior to trial. [DS 4] In this Court's notice of proposed summary disposition, we relied on *State v. McDaniel*, 2004-NMCA-022, ¶ 8, 135 N.M. 84, 84 P.3d 701, and proposed to find no abuse of discretion. In Defendant's memorandum in opposition, he continues to assert that the district court erred, while apparently conceding that *McDaniel* supports affirmance of the district court's ruling. [MIO 13-15] As Defendant provides no new facts, authority, or argument that would persuade this Court that the district court committed reversible error in denying Defendant's motion, we find no reversible error on this basis.

**Jury Instructions on Entrapment**

Defendant asserts that the district court erred in denying his requested jury instructions on entrapment. [DS 4] In this Court's notice of proposed summary disposition we proposed to hold that Defendant failed to establish a factual basis for an instruction on subjective entrapment or on either of the two types of objective entrapment. *See In re Alberto L.*, 2002-NMCA-107, ¶¶ 1, 9-10, 133 N.M. 1, 57 P.3d

555 (indicating that a defendant has the burden of establishing a factual basis for the defense of entrapment).

With regard to subjective entrapment, in Defendant's memorandum in opposition, he again asserts that there was evidence to support Defendant's claim that he was not predisposed to sell drugs because 1) one officer testified that the officer had no personal knowledge of any drug sales that Defendant engaged in that were not with some agent of law enforcement and 2) Defendant was a "target" of a police investigation. [MIO 6-8] The facts that Defendant was targeted for an investigation and that one officer did not have personal knowledge of any other drug deals that Defendant may or may not have engaged in is not evidence that Defendant was not predisposed to sell marijuana, absent evidence that police created an unfair inducement for someone not otherwise predisposed to commit a crim. *See Alberto L.*, 2002-NMCA-107, ¶¶ 8, 11. Defendant suggests it was the State's burden to prove beyond a reasonable doubt that it did not engage in such inducement [MIO 7], but it seems that Defendant is aware that the State is only required to meet this burden once a defendant demonstrates that he is entitled to an instruction on the defense of subjective entrapment. *See* UJI 14-5160 NMRA, Use Note 1. Defendant did not do so here.

With respect to both subjective entrapment and factual objective entrapment,

3

Defendant asserts that he was entitled to an instruction because the officers initiated the exchanges in this case through an informant who spoke to Defendant in Spanish. [MIO 6, 8] The informant did not testify at trial, and because the officers did not speak Spanish, they could not state exactly what the informant said to Defendant. [MIO 2, 6, 8] Defendant asserts that this constitutes evidence of unfair inducement because "[t]he fact that the informant did not appear to testify creates a huge question about what was actually communicated, and how it was communicated. The officers, through the interpreter informant, may have used coercive and/or persuasive tactics to get [Defendant] to find drugs for them," or the informant might have threatened Defendant. [MIO 8, 10] Defendant's suggestion that the informant might have coerced or unfairly induced Defendant is not evidence of coercion or unfair inducement, and no other facts suggest that Defendant was unfairly induced to sell fourteen pounds of marijuana.

With respect to normative objective entrapment, Defendant's memorandum in opposition repeats his argument that it was unconscionable to employ an undercover officer who was commissioned in Colorado and not New Mexico to work with the New Mexico officers in this case. He also asserts that it was unconscionable to employ an informant who spoke Spanish when the officers did not speak Spanish. He cites no authority to support these contentions and we reject them as unfounded in law

4

or reason. *Cf. In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that an appellate court will not consider arguments that are unsupported by authority).

Defendant also asserts that he was entitled to a defense on normative objective entrapment because this case is like *State v. Baca*, 106 N.M. 338, 742 P.2d 1043 (1987). This argument is clearly without merit. In *Baca*, the informant procured the drugs and arranged for the sale to the police in which the defendant was no more than a conduit between informant and policeman. *Id.* at 340, 742 P.2d at 1045. Defendant points to no evidence in this case that the police or anyone acting on their behalf provided Defendant with the fourteen pounds of marijuana that he sold.

Defendant also asserts that "targeting" a particular person for an investigation is somehow unconscionable because it reflects an effort to simply obtain a conviction, rather than to prevent further crime or protect the populace. [MIO 12] We are uncertain how to interpret this argument. If the Defendant means to suggest that the police cannot choose to specifically investigate those people they believe are engaged in criminal conduct and should instead hope to prevent criminal activity by coming upon it by chance, we disagree, and note a lack of legal authority for such a proposition. Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**